UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

FEVEN MOSISA,

    Plaintiff,

v.

TYLER PERRY,

    Defendant.

Civil Action No. 24-1445-TDC

**MEMORANDUM OPINION**

Self-represented Plaintiff Feven Mosisa has filed this civil action against Defendant Tyler Perry, in which she alleges claims of breach of contract and fraud arising from allegedly fraudulent activity that included soliciting investments in Bitcoin. After the parties engaged in limited discovery, Perry filed a Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and based on a frivolous claim, under 28 U.S.C. § 1915(e)(2)(B)(i). The Motion is fully briefed. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

**BACKGROUND**

In the Complaint, Mosisa, a resident of Maryland, alleges that since July 4, 2023, she has been in communication through internet messaging with Perry, a resident of Georgia and a renowned actor, director, and producer. At some point in their online communications, Perry allegedly asked Mosisa to send $40,000 in order to reserve time for an in-person visitation session with him. After Mosisa paid the initial amount requested, Perry asked for more money, and Mosisa

ultimately paid a total of $71,300 to reserve the visitation session. Perry later canceled the appointment but offered to provide a refund of $450,000. Perry instructed that, in order to receive the money, Mosisa should create an online bank account through a link provided by Perry. Despite setting up the account as instructed by Perry, Mosisa has not received the $450,000 promised to her.

At another point during their communications, Perry also allegedly advised Mosisa to invest in Bitcoin. Specifically, he introduced Mosisa to an individual named Anthony James and told Mosisa that if she sent $12,000 to James, she could collect a profit after six months. Six months after Mosisa made such an investment, her online account statement showed that her Bitcoin account had grown to $200,000, but James was unwilling to release the money to her.

On May 17, 2024, Mosisa filed a self-represented Complaint in this Court which, construed liberally, asserts common law claims of breach of contract and fraud. Mosisa seeks damages of $650,000, the amount promised to Mosisa by Perry after she had paid him a total of $83,300. After counsel for Perry requested leave to seek dismissal of the Complaint as frivolous, on October 16, 2024, the Court permitted attorney Diana C. Valle to enter a limited appearance to assist Mosisa with discovery to determine the true identity of the individuals who had defrauded Mosisa. The parties then stipulated to an initial discovery schedule, and the Court adopted the parties' stipulation and granted leave for Mosisa to seek discovery from third parties, such as banks, financial institutions, and social media providers, on this issue. On January 24, 2025, the Court granted Mosisa's Motion for an Extension of Time to Complete Discovery so that Valle could issue additional subpoenas. After discovery was completed, Valle ceased representation of Mosisa consistent with the terms of her limited appearance.

## DISCUSSION

In the Motion to Dismiss, Perry seeks dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(i) on the grounds that the Complaint is frivolous and fails to state a claim upon which relief can be granted. In particular, Perry asserts that Mosisa's claims are entirely implausible because he is "an internationally successful actor, director, writer, producer, and playwright" who has no reason to engage in fraud against individuals such as Mosisa, and that Mosisa is clearly the victim of a common scheme by which unscrupulous individuals impersonate celebrities in order to defraud unsuspecting victims. Mot. at 6, ECF No. 19-1. Perry also seeks dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) because Perry lacks contacts with Maryland and has not purposely availed himself of the privilege of doing business in Maryland. In opposing the Motion, Mosisa does not claim that Perry is subject to personal jurisdiction in Maryland but instead primarily argues that she has properly stated a claim. For the reasons set forth below, the Motion will be granted based on a lack of personal jurisdiction over Perry.

### I.   Legal Standards

Under Federal Rule of Civil Procedure 12(b)(2), it is the plaintiff's burden to establish personal jurisdiction. *See Mylan Laboratories, Inc. v. Akzo, N.V.*, 2 F.3d 56, 59-60 (4th Cir. 1993). The plaintiff's burden "varies according to the posture of a case and the evidence that has been presented to the court." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016). Generally, the plaintiff need only make a *prima facie* showing that a defendant is properly subject to the court's jurisdiction. *Id.*; *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). In evaluating the plaintiff's showing, a court must accept the plaintiff's allegations as true, and it must draw all reasonable inferences and resolve any factual conflicts in the plaintiff's favor. *Mylan Laboratories, Inc.*, 2

F.3d at 59-60. The court may consider affidavits and other submitted evidence in resolving a Rule 12(b)(2) motion. *See CoStar Realty Info., Inc. v. Meissner*, 604 F. Supp. 2d 757, 763-64 (D. Md. 2009). If, however, the court provides the parties with "a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments," which may or may not include an evidentiary hearing with live testimony, a plaintiff must establish personal jurisdiction over the defendant by a preponderance of the evidence. *See Grayson*, 816 F.3d at 268–69.

Under Rule 4(k)(1)(A), a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). A district court's exercise of personal jurisdiction over a non-resident defendant must satisfy both the long-arm statute of the state in which the court sits and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.*

The Maryland long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6–103 (West 2020), authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause. *See ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 710 (4th Cir. 2002); *Beyond Sys., Inc. v. Realtime Gaming Holding Co.*, 878 A.2d 567, 576 (Md. 2005). There may be cases, however, in which personal jurisdiction comports with federal due process but which present factual scenarios outside the scope of the long-arm statute. *Krashes v. White*, 341 A.2d 798, 804 (Md. 1975). Thus, the jurisdictional analysis under the long-arm statute does not simply collapse into the due process analysis. *See Mackey v. Compass Mktg., Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006) (stating that although the "long arm statute is coextensive with the limits of personal jurisdiction set by the due process clause," it is not "permissible to . . . dispense with analysis under the long-arm statute").

4

## II. Due Process

The Court starts with the due process analysis. Under the Due Process Clause of the Fourteenth Amendment, personal jurisdiction may be exercised over a party upon a showing that the party has sufficient "minimum contacts" with the forum state such that "maintenance of the suit [in the state] does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, (1940)). In assessing the presence of minimum contacts, courts distinguish between two types of personal jurisdiction: general and specific.

### A. General Jurisdiction

A court has general personal jurisdiction when the defendant maintains "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984). For a natural person, "[t]he paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Based on the allegations in the Complaint identifying Perry's address, the Court concludes that Perry is domiciled in Georgia. In a sworn declaration, Perry states that he has "no contacts with the State of Maryland" and that he does not "own property or conduct business in the State of Maryland." Perry Decl. ¶ 7, ECF No. 19-2. Accordingly, the Court does not have general personal jurisdiction over Perry.

### B. Specific Jurisdiction

A court has specific personal jurisdiction when the defendant has "purposefully established minimum contacts in the forum State' such 'that [it] should reasonably anticipate being haled into court there." *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)). In assessing whether specific jurisdiction

exists, the court must consider "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *Id.* (quoting *ALS Scan, Inc.*, 293 F.3d at 712)). A plaintiff must prevail on each prong. *Id.*

It is undisputed that Mosisa and Perry have never made in-person contact, in Maryland or elsewhere. When a defendant has no physical presence in the forum state, specific jurisdiction requires that the defendant engaged in purposeful availment "of the privilege of conducting activities in the State." *Id.* Among the factors considered when assessing whether the purposeful availment requirement is met are:

> (1) whether the defendant maintained offices or agents in the State; (2) whether the defendant maintained property in the State; (3) whether the defendant reached into the State to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the State; (5) whether a choice of law clause selects the law of the State; (6) whether the defendant made in-person contact with a resident of the State regarding the business relationship; (7) whether the relevant contracts required performance of duties in the State; and (8) the nature, quality, and extent of the parties' communications about the business being transacted.

*UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 352 (4th Cir. 2020) (quoting *Sneha Media & Ent., LLC v. Associated Broad. Co. P Ltd.*, 911 F.3d 192, 198 (4th Cir. 2018)). The focus should be on "the defendant's contacts with the forum State itself not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). In assessing purposeful availment, courts consider "the *quality* and *nature* of the defendant's connections" to the forum state, "not merely the number of contacts between the defendant and the forum state." *UMG Recordings, Inc.*, 963 F.3d at 352.

Here, the quality and nature of Perry's contacts with Maryland do not establish purposeful availment. As to the first, second, and fourth factors, Perry states in his declaration that he has "no contacts with the State of Maryland" and that he does not "own property or conduct business in the State of Maryland." Perry Decl. ¶ 7. Mosisa has provided no basis to dispute these assertions. It is undisputed that the fifth, sixth, and seventh factors do not apply. As for the only arguably relevant factor, the third factor of whether the defendant "reached into the State to solicit or initiate business," Perry has attested in his declaration that he "did not direct communications to the Plaintiff in Maryland (or any other location) by phone, email, messenger, social media, or otherwise," and he more broadly attests that he has "never spoken to" or "communicated with" Mosisa in any way, that he has never asked her for money or to participate in investments, that none of his representatives have done so, and that Mosisa appears to be "the victim of a celebrity scam." *Id.* ¶¶ 3–6. Although Mosisa had the opportunity to conduct discovery relating to the identity of the individuals who defrauded her, she has provided no persuasive basis to dispute Perry's assertions on these points. Her provision with her brief of documents showing the use of Perry's address and the name of his personal assistant, information which was likely available through public sources, does not meaningfully refute Perry's account. Rather, the Complaint includes certain attachments purported to be business licenses for financial trading businesses that use names entirely unconnected to Perry and that appear to be fraudulent.

Further, even assuming that Mosisa's general allegations in the Complaint are sufficient at this stage to support an inference that Perry actually engaged in the communications with Mosisa, the communications could only demonstrate purposeful availment in the form of reaching into Maryland to solicit or initiate business if Perry did so with the knowledge that Mosisa was present in Maryland. *See Carefirst*, 334 F.3d at 397–98 ("[A] court may exercise specific personal

jurisdiction over a nonresident defendant acting outside of the forum when the defendant has intentionally directed his tortious conduct toward the forum state, knowing that that conduct would cause harm to a forum resident." (citing *Calder v. Jones*, 465 U.S. 783, 789–90 (1984)). Mosisa has neither alleged nor provided a basis to conclude that Perry or whoever was engaged in the online interactions with Mosisa initiated those communications with the knowledge that she was in Maryland. Although an attachment to the Complaint appears to be a card sent with flowers from a Maryland florist to her Maryland address in August 2023, that record does not identify the sender and certainly does not establish the true identity of the sender. In any event, such an isolated contact would not be sufficient to establish purposeful availment. *See Stover v. O'Connell Assocs., Inc.*, 84 F.3d 132, 134, 137 (4th Cir. 1996) (holding that in a case involving alleged violations of the Fair Credit Reporting Act, the New York-based defendant company did not conduct meaningful activity in Maryland sufficient to establish personal jurisdiction when its only connection with Maryland was the occasional retention by phone of a Maryland company to conduct investigations, including of the plaintiff).

Without plausible allegations or evidence that Perry knew that he was reaching into the State of Maryland during the solicitation of Mosisa, the Court cannot conclude that Perry purposefully availed himself of contacts with Maryland and that he could reasonably have anticipated being haled into court here. The Court therefore finds that the due process requirements for personal jurisdiction have not been satisfied and need not consider the remaining factors.

### III. Long-Arm Statute

Alternatively, the Court also finds that it lacks personal jurisdiction because Mosisa's allegations are insufficient to bring Perry under the ambit of the Maryland long-arm statute, which authorizes jurisdiction over a party that, directly or by an agent:

>   (1) Transacts any business or performs any character of work or service in the State;
>   (2) Contracts to supply goods, food, services, or manufactured products in the State;
>   (3) Causes tortious injury in the State by an act or omission in the State;
>   (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;
>   (5) Has an interest in, uses, or possesses real property in the State; or
>   (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc. § 6–103(b). To find personal jurisdiction, the Court must determine that at least one of these bases for jurisdiction has been satisfied. *See id.* § 6–103(a).

Perry does not fall within section 6–103(b)(1) because "[t]ransacting business pursuant to section (b)(1) of the long-arm statute requires actions [that] culminate in purposeful activity within the State." *Hausfeld v. Love Funding Corp.*, 16 F. Supp. 3d 591, 599 (D. Md. 2014) (quoting *Bahn v. Chicago Motor Club Ins. Co.*, 634 A.2d 63, 67 (Md. Ct. Spec. App. 1993)). For the reasons discussed above in relation to the due process analysis, *see supra* part II, the allegations and evidence do not show that Perry knowingly reached into Maryland such that he engaged in actions that "culminate in purposeful activity within the State" under section 6–103(b)(1). *Bahn v. Chicago Motor Club Ins. Co.*, 634 A.2d 63, 67 (Md. Ct. Spec. App. 1993). Section 6–103(b)(3) likewise does not apply because it requires that Perry engaged in an act in Maryland. There are no allegations that Perry actually engaged in any activities within Maryland, relating to the claims or otherwise. Finally, sections 6–103(b)(2), (4), (5), and (6) do not apply because Perry has provided a sworn declaration stating that he has no contacts with the State of Maryland and that he does not own property or conduct business in the State of Maryland, and Mosisa has not alleged otherwise.

Accordingly, where Mosisa has not established the requirements for personal jurisdiction over Perry under either the Due Process Clause of the Fourteenth Amendment or the Maryland long-arm statute, the Court finds that this case must be dismissed for a lack of personal jurisdiction over Perry. The Court therefore need not and will not address Perry's other arguments for dismissal.

## CONCLUSION

For the foregoing reasons, Perry's Motion to Dismiss, ECF No. 19, will be GRANTED, and the Complaint will be DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. A separate Order shall issue.

Date:  June 2, 2025

THEODORE D. CHUANG
United States District Judge